O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRYN DENNIS,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 10-552 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

Disputed Issue No. 1 is directed to the determination by the Administrative Law Judge ("ALJ") at Step Two of the Commissioner's sequential evaluation process.

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Plaintiff contends that "the ALJ did not set forth . . . a clear and unambiguous determination regarding the severity of [p]laintiff's mental impairment." (See Jt Stip at 9.) The Court disagrees. The ALJ clearly and unambiguously found that plaintiff suffered from two medically determinable mental impairments (i.e., substance induced mood disorder, with depression; and substance induced psychosis with auditory hallucinations), neither of which alone caused more than minimal limitation in plaintiff's ability to perform basic mental work activities, but which when considered in combination caused moderate limitations in concentration, persistence, or pace and accordingly constituted in combination a "severe" impairment. (See AR 10-11.)

To the extent that plaintiff further contends that "the treating source's findings support that [p]laintiff has significant non-exertional impairments that would affect her ability to even perform unskilled work" (see Jt Stip at 9), the Court also disagrees. The Department of Mental Health progress notes cited by plaintiff for the most part merely reflect plaintiff's self-reported complaints and the treating source's diagnosis of a psychiatric disorder based on those self-reported complaints. It does not follow from the mere diagnosis of a psychiatric disorder that the psychiatric disorder was of disabling severity. See Sample v. Schweiker, 694 F.2d 639, 642-43 (9th Cir. 1982). Here, the ALJ discounted the conclusions contained in the progress notes cited by plaintiff because they were based on plaintiff's subjective complaints, which the ALJ had found not credible for the reasons stated elsewhere in his decision. (See AR 13-14.) The Court notes that plaintiff is not even contesting the ALJ's adverse credibility determination. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (holding that a treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

The Court also disagrees with plaintiff that the ALJ erred by failing to properly

consider Dr. Hudson's findings, as reflected at AR 217-18. (See Jt Stip at 5, 9.) Although Dr. Hudson assessed plaintiff's Global Assessment of Functioning ("GAF") level on that date as 55, which as the ALJ noted is indicative of moderate difficulty in social, occupational, or school functioning (see AR 13-14), Dr. Hudson's assessment of plaintiff's current GAF was not in itself probative of whether plaintiff suffered from a disabling mental impairment that had lasted or was expected to last for at least 12 months. See 42 U.S.C. § 423(d)(1)(A) (in order to establish disability, the impairment must be expected to result in death or last for a continuous period of not less than 12 months). Moreover, the ALJ expressly discounted the GAF scores assessed by plaintiff's medical providers because they too were based on information provided by plaintiff that was not necessarily reliable. (See AR 14.)

Finally, plaintiff's assertion that "the ALJ has failed to provide substantial evidence that [p]laintiff's mental impairments would be minimal in the absence of substance abuse" (see Jt Stip at 5) evidences a misunderstanding of which party bore the burden of proof. As the Commissioner points out, it was plaintiff's burden to establish that her substance abuse was not a contributing factor to her alleged disability. See Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008). The Court deems plaintiff's failure to reply to the Commissioner's contention that "[p]laintiff's medical record clearly evidences that her drug use remains the lynchpin of her psychiatric condition" (see Jt Stip at 9, citing AR 202, 225-38, 243-44, 264, 266) as a concession to the correctness of the Commissioner's position.

As to Disputed Issue No. 2, it follows from the Court's rejection of plaintiff's contentions with respect to Disputed Issue No. 1 that plaintiff has failed to convince the Court that the ALJ erred in determining that the nonexertional limitations caused by plaintiff's mental impairments had "little or no effect on the occupational base of unskilled work at all exertional levels." (See AR 15.) The Court therefore finds and concludes that reversal is not warranted based on the ALJ's reliance on Rule 204.00

of the Commissioner's Medical-Vocational Guidelines (the "Grids") to make his vocational determination. See Hoopai v. Astrue, 499 F.3d 1071, 1076-77 (9th Cir. 2007) (holding that vocational expert testimony is required only if the non-exertional limitations are at a sufficient level of severity to make the Grids inapplicable to the particular case); Lounsburry v. Barnhart, 468 F.3d 1111, 1115 n.2 (9th Cir. 2006) (noting that exclusive reliance on the Grids is only barred if the nonexertional impairments are significant enough to limit further the range of work permitted by the claimant's exertional limitations); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 577 (9th Cir. 1988) (application of the Grids is only precluded when the ALJ determines that the claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations); see also Clauson v. Astrue, 231 Fed. Appx. 660, 662-63 (9th Cir. 2007) (now citable for its persuasive value per Ninth Circuit Rule 36-3) ("To preclude application of the Grids, the asserted non-exertional limitations must 'significantly limit the range of work permitted by [the] exertional limitations.'"); Thomas v. Astrue, 2010 WL 3260139, *6 (E.D. Cal. Aug. 18, 2010) (holding that ALJ properly relied on Rule 204.00 to find plaintiff not disabled where ALJ determined that plaintiff's non-exertional limitations had little or no effect on the occupational base of unskilled work at all exertional levels).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: January 3, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE